UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BONNIE J. BRADLEY,

       Plaintiff,                  CIVIL ACTION NO. 14-cv-13364

   v.                                 DISTRICT JUDGE DENISE PAGE HOOD

RHEMA-NORTHWEST         MAGISTRATE JUDGE MONA K. MAJZOUB
OPERATING, LLC,

       Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL [14]
AND DENYING PLAINTIFF'S MOTION TO STRIKE [18]**

Plaintiff Bonnie Bradley filed the instant employment discrimination action on August 29, 2014, alleging that Defendant Rhema-Northwest Operating, LLC discriminated against her on the basis of gender and age. (Docket no. 1.) This matter is before the Court on two motions: Plaintiff's Motion to Compel Discovery and Order the Deposition of Tim Frank to Continue and for Sanctions (docket no. 14), and Plaintiff's Motion to Strike Defendant's Supplemental Witness List Dated May 18, 2015 (docket no. 18). Defendant responded to Plaintiff's motions (docket nos. 19 and 23), and Plaintiff replied to Defendant's responses (docket nos. 22 and 24). The motions have been referred to the undersigned for consideration. (Docket nos. 15 and 20.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

As a preliminary matter, the Court notes that in neither of Plaintiff's motions does Plaintiff indicate that she sought concurrence from Defendant prior to filing the motions in accordance with Eastern District of Michigan Local Rule 7.1(a). Defendant does not address Plaintiff's efforts to seek concurrence in its responses to Plaintiff's motions. "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *U.S. v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. Mar. 26, 2009). While the Court is inclined to deny Plaintiff's motions on this basis, it will instead decide Plaintiff's motions on the merits.

I. **Plaintiff's Motion to Compel Discovery and Order the Deposition of Tim Frank to Continue and for Sanctions**

The instant Motion arises from the parties' dispute regarding the manner of taking the deposition of Timothy Frank. Plaintiff's counsel, Raymond Guzall, III, originally noticed Mr. Frank's deposition for April 10, 2015; he then re-noticed the deposition for April 28, 2015. (Docket no. 19-9.) The notices indicated that Mr. Guzall would be taking the deposition. (*Id.*) Instead, Plaintiff's co-counsel, Omar Najor, commenced and conducted Mr. Frank's deposition. (Docket no. 19-2.) Notably, Defendant's counsel did not object to Mr. Najor conducting the deposition. One hour after the deposition began, Mr. Guzall arrived at and sat in on the deposition. After approximately three hours of examination, the parties took a short break.

Upon returning from the break, Mr. Guzall indicated that he was going to finish taking Mr. Frank's deposition. Defendant's counsel objected to the change of cross-examiner as a violation of Federal Rule of Civil Procedure 30(c). Mr. Guzall countered that there is "nothing in the Court Rules that prevents another lawyer from sitting in on a deposition and continuing or moving forward in the deposition. . . ." Defendant's counsel refused to permit Mr. Guzall to cross-examine Mr. Frank without a court order, and Mr. Guzall declined Defendant's counsel's

2

offer to continue the deposition with Mr. Najor as the cross-examiner. Defendant's counsel attempted to contact the Court for guidance on the issue but was unable to do so. The parties were unable to resolve this dispute, and Mr. Frank's deposition ended shortly thereafter. (*See id.* at 30-32.)

Plaintiff filed the instant Motion on May 6, 2015, asserting violations of Rule 30(c)(2) and seeking a court order: (1) compelling Mr. Frank's deposition to continue and allowing Mr. Guzall to finish the deposition; (2) extending discovery for the purpose of completing Mr. Frank's deposition; and (3) sanctioning Defendant by charging the costs for Mr. Frank's continued deposition to Defendant and by assessing any other sanctions the Court deems appropriate, including sanctions related to Defendant's counsel's allegedly inappropriate conduct at Mr. Frank's deposition and other depositions conducted in this matter. (Docket no. 14.) Defendant counters that Plaintiff's Motion should be denied because Plaintiff's counsel's conduct violated Eastern District of Michigan Local Rule 43.1, and because Rule 30(c)(2) did not mandate that the deposition proceed where the objection to Plaintiff's counsel's conduct was not of an evidentiary nature. (Docket no. 19.) Defendant further argues that Plaintiff's Motion is frivolous and not well grounded in fact and law, and requests the costs associated with filing its Response.

Pursuant to Federal Rule of Civil Procedure 30(c)(1), "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." In the Eastern District of Michigan, Local Rule 43.1 governs the examination of witnesses at trial; it provides that "[n]ot more than one counsel on the same side shall be allowed to examine the same witness unless leave of Court is obtained." Nevertheless, "[a]n objection at the time of the examination—whether to evidence, to a party's conduct, to the

officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2).  A deponent may be instructed not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a Rule 30(d)(3) motion to terminate or limit the deposition.  Fed. R. Civ. P. 30(c)(2).  A Rule 30(d)(3) motion can be made at any time during a deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or the party.  Fed. R. Civ. P. 30(d)(3)(A).  The motion should be filed with the court where the action is pending or where the deposition is being taken.  Fed. R. Civ. P. 30(d)(3)(A).  Upon demand of the objecting party or deponent, the deposition must be suspended for the time necessary for the court to rule on the motion.  Fed. R. Civ. P. 30(d)(3)(A).

Here, both parties have committed rule violations with regard to Mr. Frank's deposition. First, the deposition did not proceed as noticed because Mr. Najor conducted the deposition in place of Mr. Guzall.  More importantly, Plaintiff's counsel violated Federal Rule of Civil Procedure 30(c)(1) and Local Rule 43.1 by attempting to cross-examine Mr. Frank with more than one attorney without leave of court.[1]  Defendant's counsel properly objected to Plaintiff's counsel's conduct, but she was obligated to either continue with the deposition under Rule 30(c)(2) or file a Rule 30(d)(3) motion.  Defendant's counsel did not proceed under either Rule. Accordingly, the Court will allow Mr. Frank's deposition to continue and be completed by Mr. Najor only.  If Plaintiff wishes to continue Mr. Frank's deposition as so limited by the Court, Plaintiff's counsel will properly re-notice and complete the remainder of Mr. Frank's deposition

---

[1] Plaintiff asserts that "Defense Counsel never mentioned the local court rule at the time of the deposition, and that rule was not known to any of the attorneys at that time." (Docket no. 22 at 3.)  Ignorance of the rules, however, is not a legitimate excuse for violating the rules.  Counsel should be familiar with the Local Rules before practicing in this Court.

4

at a mutually convenient location, date, and time within thirty (30) days of this Opinion and Order. The costs associated with Mr. Frank's continued deposition will be assessed to Plaintiff. The Court finds that sanctions against either party are unwarranted.

**II.     Plaintiff's Motion to Strike Defendant's Supplemental Witness List Dated May 18, 2015**

The Court's original Scheduling Order, dated October 21, 2014, ordered that the parties' witness lists be filed by February 13, 2015. (Docket no. 7.) This deadline was extended by stipulation and order to February 27, 2015. (Docket no. 9.) The parties filed their witness lists by the amended deadline. (Docket nos. 11 and 12.) In addition to named witnesses, both parties used similar language to list categories of witnesses and to reserve the right to amend and/or supplement their witness lists. For example, Plaintiff listed, in relevant part:

> 34. Agents and employees of Defendants RHEMA-NORTHWEST OPERATING with relevant information as to this current lawsuit
> ….
> 36. Any witness named by another party
> 37. Any witness named or discovered during discovery
> ….
> 40. Plaintiff reserves the ability to amend or supplement this Witness List should other witnesses become known.

(Docket no. 11 at 3.) Defendant listed, in relevant part:

> All individuals identified in Plaintiff's deposition and other depositions conducted through the course of discovery.
>
> All necessary rebuttal, sur-rebuttal witnesses, and any witnesses necessary to counter claims from Plaintiff's witnesses which are unknown to Defendant at this time.
>
> Any and all witnesses not previously identified that may become necessary and/or known through discovery.
>
> ….
>
> Defendant reserves the right to amend its *Witness List* as discovery continues.

5

(Docket no. 12 at 3.)  Without seeking leave of court, Defendant filed a Supplemental Witness List on May 18, 2015, which added Annette Robinson, Sr. Human Resources Coordinator; Kurtherina Robinson, Unit Manager; and all witnesses listed by Plaintiff to its witness list. (Docket no. 17.)  Within hours, Plaintiff filed the instant Motion to Strike Defendant's Supplemental Witness List.  (Docket no. 18.)  In her Motion, Plaintiff seeks a court order striking Defendant's supplemental witness list, preventing the additional witnesses from testifying, and issuing sanctions to Defendant.  (*Id*.)

As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent.  Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order.  *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003).  A court may issue sanctions under Rule 37(b)(2)(A)(ii)-(vii) if a party fails to obey a scheduling order.  Fed. R. Civ. P. 16(f).

Plaintiff asserts that Defendant acted in bad faith by filing the supplemental witness list on the last day of discovery and prejudiced Plaintiff because she will not be able to depose the new witnesses within the discovery period. (Docket no. 18 at 4.)  Defendant counters that it did not act in bad faith but merely named specific employees as witnesses who were initially included on both parties' witness lists by category.  (Docket no. 23 at 5.)   Defendant also contends that any prejudice can be negated because it does not object to Plaintiff deposing either witness, and there is ample time to do so.  (*Id*.)

Defendant did not seek leave from the Court to amend its witness list and does not explain why it was unable to name Annette or Kurtherina Robinson as witnesses on its original witness list; however, there is no evidence that Defendant was acting in bad faith or trying to

6

circumvent the Court's Scheduling Order. Indeed, Plaintiff and Defendant used similar language in their witness lists to reserve the right to amend and supplement their lists with the names of additional witnesses as discovery progressed. Notably, neither party objected to the use of such language. Thus, Plaintiff cannot claim unfair surprise where Defendant is now seeking to supplement its witness list.

Defendant filed its initial witness list on time in accordance with the Scheduling Order and diligently filed a supplemental witness list upon the close of discovery, which was over five months before the scheduled trial date. Instead of seeking leave to conduct depositions outside of the discovery deadline, Plaintiff chose to file the present Motion. As Defendant points out, prejudice is lacking where Defendant has no objection to Plaintiff conducting the deposition of either witness and Plaintiff had ample time and opportunity to conduct those depositions prior to trial.

For the reasons stated, the Court finds that good cause exists for allowing Defendant's supplemental witness list to stand and for denying Plaintiff's Motion to Strike said witness list.[2] If Plaintiff desires to depose either witness, she must notice and conduct the deposition(s) at a mutually convenient location, date, and time within thirty (30) days of this Opinion and Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery and Order the Deposition of Tim Frank to Continue and for Sanctions [14] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiff's Motion to Compel Discovery and Order the Deposition of Tim Frank to Continue is GRANTED IN PART and DENIED IN PART. Mr. Frank's deposition may be continued and completed by Mr. Najor only. If Plaintiff

---

[2] The Court will do so despite the fact that Defendant did not seek leave to amend its witness list, as to require Defendant to do so at this juncture would be an exercise in futility.

wishes to continue Mr. Frank's deposition as limited by the Court above, Plaintiff's counsel will properly re-notice and complete the remainder of Mr. Frank's deposition at a mutually convenient location, date, and time within thirty (30) days of this Opinion and Order. Any costs associated with Mr. Frank's continued deposition are assessed to Plaintiff.

b. Plaintiff's Motion to extend the discovery period is DENIED; and

c. Plaintiff's Motion for Sanctions is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Supplemental Witness List Dated May 18, 2015 [18] is **DENIED**. If Plaintiff desires to depose Annette Robinson or Kurtherina Robinson, she must notice and conduct the deposition(s) at a mutually convenient location, date, and time within thirty (30) days of this Opinion and Order.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 15, 2015            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: October 15, 2015            s/ Kelly Winslow
                                   Case Manager Generalist